Sidney A. Fine, J.
On January 8, 1975, Sperry Rand notified the Engineers Union, Local 4447 I.U.E. (Union) and on January 9, 1975, certain individual employees that, to accommodate its reduced needs, layoffs would be made effective January 17, 1975, in accordance with the seniority provisions of the union contract. The Union and the employees countered by filing complaints on January 15, 1975 with the Regional Office for Nassau County of the State Division of Human Rights, charging age discrimination in violation of the State Human Rights Law. Respondents maintain offices for the transaction of business in Nassau County. The issue of discrimination thus raised by the complaints is not before me for resolution. That determination must finally be made by the Division (New York State Division of Human Rights).
Immediately after the filing of the complaints, the Division, joined by the Union, invoked Executive Law (§ 297, subd 6), the statute authorizing the court to grant appropriate injunctive relief. The proceeding brought on by order to show cause dated January 17, 1975 seeks an order enjoining the layoffs, because of age, pending final determination by the Division of the complaints on file. It was conceded on the argument of this motion that the time period for the investigation and resolution by the Division of the charges would be "a year or two years”. Whether the injunction should issue depends upon strict compliance with the statutory provisions.
There are several reasons why the injunction should not be granted. In the first place, the command of the statute is clear that the application for an injunction must be made in the county where "the alleged discriminatory practice was com *431 mitted” or where any respondent maintains an office for the transaction of business. Since none of the respondents named in the proceeding maintains an office in New York County but in fact are located in Nassau County, where the layoffs occurred, the action is jurisdictionally defective.
Petitioners argue that the application is based on the ground of economic hardship and that therefore it is necessary to leave the parties in status quo until the Division can carry out its statutory function of deciding whether a discriminatory act has indeed occurred. What is overlooked is, if the ultimate relief is granted to petitioners they will be awarded reinstatement and all contractual rights with back pay, whereas, if the respondents are successful the salaries paid out for the one or two years it would take to come to a conclusion would never be returned. It seems to the court that the hardship bears more heavily on one party than on the other. There is nothing in the record to justify imposing that burden on the respondents.
Finally, it would appear that this proceeding is mandated by statute to be brought by the commissioner alone. The papers do not indicate that such procedure was followed.
The motion is denied.